**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| STEVEN FRED AND VANESSA FRED,<br><br>Plaintiffs,<br><br>vs.<br><br>AMERICAN HONDA MOTOR CO., INC.<br><br>Defendant. | Case No.: 2:25-cv-17979-JKS-JRA<br><br>**Document electronically filed**<br><br>Motion Date: March 16, 2026 |

**DEFENDANT AMERICAN HONDA MOTOR CO. INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

# TABLE OF CONTENTS


STATEMENT OF FACTS ....................................................................................1

ARGUMENT .....................................................................................................4

I. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE CFA. ..................6

A. Plaintiffs Do Not Articulate the "Defect" They Claim Was Concealed. ........................................................................................7

B. Plaintiffs Fail to Plead that AHM Had Knowledge of any Alleged Defect. ..............................................................................................8

C. Plaintiffs Fail to Plead a Duty to Disclose. ..........................................9

II. PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED. ....................................................................10

A. The NVLW Does Not Cover Design Defects. ...................................10

B. Plaintiffs' Breach of Express Warranty Claim Fails Because No Alleged Defect Arose During the Applicable Warranty Period. ........11

III. PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED. ....................................................................12

A. The Implied Warranty Claim Fails Under the Express Terms of the NVLW. ...........................................................................................12

B. Plaintiffs Have Not Adequately Plead That Their Vehicle is Unmerchantable. ..............................................................................13

IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE. .............14

A. Plaintiffs Have Not Established a Defect. ..........................................14

B. Plaintiffs Fail to Allege a Cognizable Injury. .....................................15

V. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS. ...........................................17

A. Plaintiffs Fail to Allege Underlying Negligence. ................................17

B. Plaintiffs Did Not Sustain "Physical Consequences" from Their Alleged Emotional Distress. .............................................................17

C. Plaintiff Vanessa Fred Was Not Within the "Zone of Danger." .........18

VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR IIED. ..............................18

A. Plaintiffs Fail to Plead Intentional, Extreme, and Outrageous Conduct by AHM. ....... 19

B. Plaintiffs Did Not Sustain "Severe Emotional Distress." ....... 19

VII. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE MMWA. ....... 20

VIII. PLAINTIFFS FAIL TO PROPERLY PLEAD PUNITIVE DAMAGES. ....... 20

IX. PLAINTIFFS' DEMANDS FOR EQUITABLE AND INJUNCTIVE RELIEF SHOULD BE DISMISSED. ....... 22

A. Plaintiffs Have Not Alleged the Lack of an Adequate Remedy at Law. ....... 22

B. The Injunctive Relief Claims Fail for Other Reasons. ....... 23

CONCLUSION ....... 24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amato v. Subaru of Am., Inc.*,
2019 WL 6607148 (D.N.J. Dec. 5, 2019)....................................................10, 11

*Arcand v. Brother Int'l Corp.*,
673 F.Supp.2d 282 (D.N.J. 2009)........................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................5

*Baraka v. McGreevey*,
481 F.3d 187 (3d Cir. 2007) ................................................................................5

*BCR Carp. LLC v. FCA US LLC*,
2025 WL 2813599 (3d Cir. Oct. 3, 2025) ...........................................................9

*Becker v. Continental Motors, Inc.*,
2018 WL 582112 (D. Del. Jan. 29, 2018) .........................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)............................................................................................5

*In re Benzene Litig.*,
2007 WL 625054 (Del. Super. Ct. Feb. 26, 2007) ............................................15

*Boring v. Google Inc.*,
362 Fed. Appx. 273 (3d Cir. 2010)....................................................................21

*In re Bridgestone/Firestone Inc., ATX, ATX II & Wilderness Tires Prods. Liab. Litig.*,
153 F. Supp. 2d 935 (S.D. Ind. 2001)................................................................23

*Brown v. Hyundai Mot. Am.*,
2019 WL 4126710 (D.N.J. Aug. 30, 2019) ..............................................*passim*

*Brozka v. Olson*,
668 A.2d 1355 (Del. 1995)................................................................................15

*In re Burlington Coat Factory Sec. Litig.*,
114 F.3d 1410 (3d Cir. 1997) ....................................................................12

*Burton v. Chrysler Grp. LLC*,
2014 WL 4253135 (D. Del. Aug. 27, 2014)....................................................16

*Califano v. Yamasaki*,
442 U.S. 682 (1979)........................................................................................23

*City of Pittsburgh v. W. Penn Power Co.*,
147 F.3d 256 (3d Cir. 1998) ..........................................................................12

*Coba v. Ford Motor Co.*,
932 F.3d 114 (3d Cir. 2019) .....................................................................10, 11

*Cohen v. Subaru of Am., Inc.*,
2022 WL 721307 (D.N.J. Mar. 10, 2022) ...................................................6, 10

*Copeland v. US Bank*,
2018 WL 4145900 (D.N.J. Aug. 30, 2018) .......................................................5

*Cox v. Sears Roebuck & Co.*,
138 N.J. 2 (1994) ...............................................................................................6

*Danforth v. Acorn Structures, Inc.*,
608 A.2d 1194 (Del. 1992) .............................................................................16

*David v. Volkswagen Grp. of Am., Inc.*,
2018 WL 1960447 (D.N.J. Apr. 26, 2018)......................................................11

*Doe v. Wildey*,
2012 WL 1408879 (Del. Super. Ct. Mar. 29, 2012).........................................18

*Eubanks v. Ridgeline Motors LLC*,
2021 WL 5567410 (D.N.J. Nov. 29, 2021) .....................................................20

*FDIC v. Bathgate*,
27 F.3d 850 (3d Cir. 1994) ...............................................................................5

*Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*,
2021 WL 5448716 (D.N.J. Nov. 19, 2021) .....................................................12

*Giovanelli v. D. Simmons General Contracting*,
2010 WL 988544 (D.N.J. 2010) ........................................................................21

*Glass v. BMW of N. Am.*,
LLC, 2011 WL 6887721 (D.N.J. Dec. 29, 2011) .............................................13

*Granillo*, 2016 WL 9405772, at *18-20 ..........................................................23

*Hager v. Selene Fin. LP*,
2020 WL 5422825 (D.N.J. Sept. 10, 2020) .......................................................10

*Harnish v. Widener Univ. Sch. of Law*,
931 F.Supp.2d 641 (D.N.J. 2013) .......................................................................6

*Hickman v. Subaru of Am., Inc.*,
2022 WL 11021043 (D.N.J. Oct. 19, 2022) .......................................................22

*Hurt v. Taylor*,
2010 WL 3328028 (D. Del. Aug. 20, 2010) .......................................................16

*J.S. v. Edgemooor Community Center, Inc.*,
2024 WL 236139 (Del. Super. Jan. 11, 2024) .....................................................18

*Jordan v. Delaware*,
433 F. Supp. 2d 433 (D. Del. 2006) ....................................................................18

*Kabbaj v. Google, Inc.*,
2014 WL 1369864 (D. Del. Apr. 7, 2014) ....................................................17, 19

*Kanter v. Barella*,
489 F.3d 170 (3d Cir. 2007) ...............................................................................5

*Kearney v. BMW AG*,
2018 WL 4144683 (D.N.J. Aug. 29, 2018) ...........................................................5

*Lightning Lube v. Witco Corp.*,
4 F.3d 1153 (3d Cir. 1993) ...................................................................................9

*M.W. by and through v. Lynch*, 2020 WL 6043891, at *7 (D. Del. Oct.
13, 2020) ............................................................................................................18

*Malleus v. George*,
641 F.3d 560 (3d Cir. 2011) .................................................................................4

*McQueen v. BMW of N. Am., LLC*,
2013 WL 4607353 (D.N.J. Aug. 29, 2013) ........................................................7

*Mills v. Ethicon, Inc.*,
406 F.Supp.3d 363 (D.N.J. 2019)....................................................................14

*Namovicz v. Cooper Tire & Rubber Co*.,
225 F. Supp. 2d 582 (D. Md. 2001)..................................................................23

*Obeng v. Delaware State Police*,
2005 WL 1592951 (D. Del. July 7, 2005) ........................................................20

*Ogbin v. Citifinancial Mortg. Co., Inc.*,
2009 WL 4250036 (D.N.J. 2009) ....................................................................21

*Oliver v. Funai Corp.*,
2015 WL 9304541 (D.N.J. Dec. 21, 2015)........................................................9

*Onyiuke v. Cheap Tickets, Inc*.,
435 Fed. App'x 137 (3d Cir. 2011) ..................................................................21

*Payan v. GreenPoint Mortgage Funding*,
681 F.Supp.2d 564 (D.N.J. 2010)......................................................................6

*Perkins v. Proctor and Gamble Co.*,
2021 WL 1392993 (D. Del. Apr. 13, 2021) .....................................................15

*Phifer v. E.I. Dupont De Nemours and Co.*,
2004 WL 32940 (D. Del. Jan. 5, 2004) ............................................................17

*Rains v. Jaguar Land Rover N. Am., LLC*,
2023 WL 6234411 (D.N.J. Sept. 26, 2023)......................................................22

*Royal v. Galman Stonebridge, LLC*,
2018 WL 3640896 (Del. Super. Ct. July 16, 2018)..........................................14

*Salas v. Acuity-CHS*,
2023 WL 2710180 (D. Del. Mar. 30, 2023) .....................................................16

*Schechter v. Hyundai Mot. Am.*,
2019 WL 3416902 (D.N.J. July 29, 2019) ........................................................9

*Schiesser v. Ford Motor Co.*,
No. 16 C 730, 2017 WL 1283499 (N.D. Ill. Apr. 6, 2017) ................................23

*Segovia v. Equities First Holdings, LLC*,
2008 WL 2251218 (Del. Super. May 30, 2008)............................................8, 20

*Sheris v. Nissan N. Am., Inc.*,
2008 WL 2354908 (D.N.J. June 2, 2008)....................................................13, 14

*Smith v. Forester*,
2013 WL 1315959 (D. Del. Mar. 29, 2013) ................................................19, 20

*Spence v. Cherian*,
135 A.3d 1282 (Del. Super. Ct. 2016).............................................................17

*Stephenson v. Capano Dev., Inc.*,
462 A.2d 1069 (Del. 1983) ..............................................................................20

*Stevenson v. Mazda Motor of Am., Inc.*,
2015 WL 3487756 (D.N.J. June 2, 2015)....................................................13, 14

*In re Subaru Battery Drain Prods. Liab. Litig.*,
2021 WL 1207791 (D.N.J. Mar. 31, 2021) ................................................10, 22

*Sweeny v. Toyota Motor Sales, U.S.A., Inc.*,
2023 WL 2628697 (C.D. Cal. Feb. 9, 2023) ......................................................8

*Talley v. Christiana Care Health Sys.*,
2018 WL 5045363 (D. Del. Oct. 17, 2018).......................................................19

*Tappana, et. v. American Honda Motor Co., Inc.*,
Case No. Case No.: 2:21-cv-09046-DSF-PLA (ECF No. 72).............................9

*Tatum v. Chrysler Grp.*,
LLC, 2012 WL 6026868 (D.N.J. Dec. 3, 2012) ................................................20

*Wal-Mart Stores, Inc. v. Dukes*,
564 U.S. 338 (2011)..........................................................................................23

*Wesley v. Samsung Elecs. Am., Inc.*,
2023 WL 3496024 (D.N.J. May 17, 2023)..........................................................7

*Westfield Ins. Co. v. Amazon.com Inc.*,
2021 WL 877684 (D. Del. Mar. 9, 2021) .......................................................14, 15

*Wyeth v. Ranbaxy Labs., Ltd.*,
448 F. Supp. 2d 607 (D.N.J. 2006) ..........................................................................5

**Statutes**

15 U.S.C. § 2301(7) ..........................................................................................20

Federal Motor Vehicle Safety Act (49 U.S.C. § 30101, *et seq.*) ..........................4, 23

Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.* ..........................................2

N.J.S.A. 2A:15–5.12 ............................................................................................20

New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* ........................................2

**Other Authorities**

Fed. R. Civ. P. 9(b) ..................................................................................1, 5, 7, 8

Fed. R. Civ. P. 12(b)(1) ............................................................................................1

Fed. R. Civ. P. 12(b)(6) ......................................................................................1, 21, 22

Defendant American Honda Motor Co., Inc. ("AHM") respectfully submits this Memorandum of Law in Support of its Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), and 9(b).

## STATEMENT OF FACTS

This action involves a purported July 17, 2025 incident ("Incident") in which Plaintiffs Steven Fred and Vanessa Fred allege that the moonroof of their 2023 Acura MDX (VIN 5J8YE1H48PL013686) ("Subject Vehicle") "shattered spontaneously" as a result of a claimed "dangerous defect." Compl. ¶¶ 1, 43–44. According to Plaintiffs, AHM knew of the supposed defect but failed to disclose it to them prior to purchase. *Id.* ¶¶ 16, 92–95, 137–38.

The Complaint, however, does not identify any defect and instead speculates that various unspecified conditions in the vehicle "may" have caused the moonroof to shatter. *Id.* ¶ 134. Nor do Plaintiffs plead facts demonstrating AHM's knowledge of the alleged defect. They rely instead on (1) a non-existent "internal service bulletin" in which AHM supposedly "acknowledged the possibility of tempered glass sunroofs exploding under normal conditions due to stresses or manufacturing flaws"; (2) anonymous and unidentified "consumer complaints" submitted to the National Highway Traffic Safety Administration ("NHTSA") and "other forums"; and (3) allegations made in a putative class action complaint that was filed in

California federal court in 2021, that did not involve the Subject Vehicle, and that was voluntarily dismissed with prejudice in 2023. *Id.* ¶¶ 15, 67-72, 81-85, 219-221.

Plaintiffs seek monetary damages based on AHM's alleged denial of warranty coverage for the Subject Vehicle's moonroof repair. *Id.* ¶¶ 9, 63. Yet, the applicable New Vehicle Limited Warranty ("NVLW") had long expired before the alleged Incident occurred and, in any event, does not cover an alleged design defect. Plaintiffs further allege "severe emotional distress" due to "fear" of driving the Subject Vehicle, but they did not sustain any physical manifestation of their alleged emotional distress, as required, and admittedly continue to own and operate the vehicle to this day. *Id.* ¶¶ 9, 37, 61-66, 73-80.

Despite all of this, Plaintiffs assert eight causes of action based on the above allegations: (1) violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq*. ("CFA"), *id.* ¶¶ 90-108; (2) breach of express warranty, *id.* ¶ 13; (3) breach of implied warranty of merchantability, *id.* ¶¶ 109-129; (4) negligence based on alleged defects in design, manufacture, and warnings, *id.* ¶¶ 130-153; (5) negligent infliction of emotional distress ("NIED"), *id.* ¶¶ 154-175; (6) intentional infliction of emotional distress ("IIED"), *id.* ¶¶ 176-198; (7) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* ("MMWA"), *id.* ¶¶ 199-217; and (8) punitive damages, *id.* ¶¶ 218-239. In addition to monetary damages, Plaintiffs seek

various "equitable and injunctive relief," including that this Court order a recall or warranty extension for "all affected vehicle owners." *Id.*, p. 27.

As demonstrated below, the Complaint fails to state a valid claim against AHM and should be dismissed for the following reasons:

1. The CFA claim should be dismissed because Plaintiffs fail to (a) sufficiently plead or identify the alleged design "defect" that they claim AHM somehow concealed; (b) demonstrate that AHM had knowledge of the alleged design defect; and (c) establish a duty to disclose the information claimed to have been concealed.

2. The breach of express warranty claim fails because Plaintiffs (a) are claiming a design defect, which the NVLW does not cover; and (b) did not experience any problem with the Subject Vehicle's moonroof and/or present it to a Honda dealer for repair during the 4-years/50,000-miles (whichever occurs first) NVLW period.

3. The breach of implied warranty claim fails because Plaintiffs (a) do not plead facts establishing that the Subject Vehicle—which they have driven for 3+ years and 60,000+ miles, and continue to drive—is not merchantable; and (b) did not experience any problem with the Subject Vehicle's moonroof and/or present it to a Honda dealer for repair during the applicable implied warranty period.

4. The negligence claim fails because Plaintiffs (a) fail to adequately plead

a defect in the Subject Vehicle and (b) did not sustain any physical injury.

5. The NIED claim fails because (a) Plaintiffs have not adequately plead underlying negligence by AHM; (b) Plaintiffs did not sustain any physical injury; and (c) Plaintiff Vanessa Fred was not in the "zone of danger" during the alleged Incident.

6. The IIED claim fails because Plaintiffs (a) have not alleged intentional, extreme, and outrageous conduct by AHM; and (b) did not sustain "severe emotional distress."

7. The MMWA claim is entirely derivative of Plaintiffs' state law warranty claims, and, thus, fails for the same reasons.

8. The demand for punitive damages fails because Plaintiffs have not alleged willful and outrageous conduct by AHM.

9. The equitable and injunctive relief claims fail because (a) Plaintiffs have not established the lack of an adequate remedy at law; (b) they lack standing to seek a court-ordered recall or extended warranty on behalf of non-parties; and (c) their request that this Court direct a recall is preempted by the Federal Motor Vehicle Safety Act (49 U.S.C. § 30101, *et seq*.).

## **ARGUMENT**

To survive a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Malleus v. George*, 641

F.3d 560, 563 (3d Cir. 2011). A claim has "facial plausibility" only when the plaintiff pleads facts, not conclusory allegations, which "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In other words, the factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In this regard, the "formulaic recitation of the elements of a cause of action" without supporting facts is not sufficient to meet this standard. *Copeland v. US Bank*, 2018 WL 4145900, at *2 (D.N.J. Aug. 30, 2018); *see Kearney v. BMW AG*, 2018 WL 4144683, at *4 (D.N.J. Aug. 29, 2018). The Court need not accept "unsupported conclusions and unwarranted inferences," *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." *Wyeth v. Ranbaxy Labs., Ltd.*, 448 F. Supp. 2d 607, 609 (D.N.J. 2006); *see also Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss").

Finally, Plaintiffs' CFA claim is subject to the heightened pleading specificity requirements of Rule 9(b). *See, e.g., FDIC v. Bathgate*, 27 F.3d 850, 876 (3d Cir. 1994) (Rule 9(b) applies to statutory fraud claims); *Kanter*, 489 F.3d at 175 (Rule 9(b) requires plaintiffs to plead with particularity the "who, what, when, where, and

how of the events at issue" that are claimed to constitute the fraudulent misrepresentations and/or omissions).

## I. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE CFA.

To state a *prima facie* case under the CFA, a plaintiff must plead: (1) unlawful conduct by the defendant; (2) an ascertainable loss by the plaintiff; and (3) a causal connection between the defendant's unlawful conduct and the plaintiff's ascertainable loss." *Payan v. GreenPoint Mortgage Funding*, 681 F.Supp.2d 564, 572 (D.N.J. 2010).[1] Where, as here, a CFA claim is based upon an alleged omission, "unlawful conduct" requires allegations that the defendant (1) knowingly concealed (2) a material fact (3) with the intent that the plaintiff rely on the concealment. *Harnish v. Widener Univ. Sch. of Law*, 931 F.Supp.2d 641, 652 (D.N.J. 2013). Thus, when "the alleged consumer fraud consists of an omission…intent is an element of the fraud." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 18 (1994). Moreover, "[i]mplicit in the showing of an omission is the underlying duty on the part of the defendant to disclose what he concealed to induce the purchase." *Arcand v. Brother Int'l Corp.*,

[1] Plaintiffs' statutory fraud claim is governed by the law of New Jersey, where Plaintiffs purchased the Subject Vehicle, despite the fact that Plaintiffs reside in Delaware. Compl., ¶¶ 18, 39; *Cohen v. Subaru of Am., Inc.*, 2022 WL 721307, at *17 (D.N.J. Mar. 10, 2022) ("the law of the state of purchase will apply to Plaintiffs' fraud claims where a conflict exists with New Jersey law and where Plaintiffs reside in one state but purchased their vehicle in another").

673 F.Supp.2d 282, 296 (D.N.J. 2009). Here, Plaintiffs' CFA claim fails for the following reasons.

### A. Plaintiffs Do Not Articulate the "Defect" They Claim Was Concealed.

Plaintiffs fail to identify the purported omission, *i.e.*, the specific defect that AHM allegedly concealed. Instead, they speculate that the alleged defect "may lie in several aspects": "using tempered glass that was too thin, ***or*** had impurities/stresses," "improper engineering of the sunroof frame, track, ***or*** mounting, "inadequate testing of the sunroof under real-world conditions," and "failing to incorporate available safety measures, ***such as*** laminated glass or protective film." Compl. ¶ 134 (emphasis added). What is more, by qualifying this list with "including but not limited to," *id.*, Plaintiffs expand their speculation to encompass virtually anything.

Such conjecture is insufficient to allege an omission, especially under the heightened pleading standard that is required by Rule 9(b). *See McQueen v. BMW of N. Am., LLC*, 2013 WL 4607353, at *7 (D.N.J. Aug. 29, 2013) ("Throughout her Complaint, Plaintiff merely identifies the effects of the alleged defect . . . [t]here is no identification as to what precisely the defect is, other than a conclusory allegation that the transmission system is defective"); *Wesley v. Samsung Elecs. Am., Inc.*, 2023 WL 3496024, at *3 (D.N.J. May 17, 2023) (plaintiff failed to plead a defect under Rule 8 where the complaint alleged various competing theories of what was

defective about the product at issue); *Sweeny v. Toyota Motor Sales, U.S.A., Inc.*, 2023 WL 2628697, at *5 (C.D. Cal. Feb. 9, 2023) (dismissing complaint, holding conclusory allegations of "deficient materials" insufficient to allege defect under Rule 8, much less Rule 9(b)).

### B. Plaintiffs Fail to Plead that AHM Had Knowledge of any Alleged Defect.

Because Plaintiffs do not plausibly allege AHM's knowledge of any purported defect, they cannot establish the required element of intent. *See, e.g., Brown v. Hyundai Mot. Am.*, 2019 WL 4126710, at *7 (D.N.J. Aug. 30, 2019) (for a CFA claim, a plaintiff must establish that the defendant knew of the alleged defect).

*First*, Plaintiffs' claim that AHM "had issued an internal service bulletin or advisory to its dealers regarding sunroofs in specific models that were spontaneously shattering." Compl. ¶¶ 66-72. AHM has never issued any such service bulletin or advisory. *See* Declaration of Eric Pedersen ("Pedersen Dec. ¶4). Indeed, Plaintiffs neither attached the purported "internal service bulletin" to the Complaint, nor provided any identifying information for it. Plaintiffs do not even allege that their 2023 MDX is among the unspecified "specific models that were spontaneously shattering," or that the subject vehicle's moonroof was manufactured or designed in the same manner as any such models.

*Second*, Plaintiffs cite unspecified "complaints" allegedly submitted to the NHTSA and posted on unnamed "online forums," but fail to plead facts identifying

these in any fashion, including the time, content, source, or results of any so-called complaint. *See Brown v. Hyundai Mot. Am.*, 2019 WL 4126710, at *7 (D.N.J. Aug. 30, 2019) (rejecting pre-sale knowledge based on conclusory allegations of unidentified "dealership repair records," "warranty and post-warranty claims," and "pre-sale durability testing"); *Schechter v. Hyundai Mot. Am.*, 2019 WL 3416902, at *8 (D.N.J. July 29, 2019) (same); *Oliver v. Funai Corp.*, 2015 WL 9304541, at *4 (D.N.J. Dec. 21, 2015) ("[T]his Court is not persuaded that knowledge of the alleged defect could be imputed to Defendants based upon anonymous internet complaints on third party websites").

*Third*, referring to the mere filing of a voluntarily dismissed putative class action involving different vehicles does not demonstrate knowledge by AHM of an alleged defect. *See* Stipulation of Voluntary Dismissal with Prejudice, *Tappana, et. v. American Honda Motor Co., Inc.*, Case No. Case No.: 2:21-cv-09046-DSF-PLA (ECF No. 72), and (ECF No. 64) (asserting claims regarding the moonroofs in 2015-2022 Honda and Acura vehicles).

**C. Plaintiffs Fail to Plead a Duty to Disclose.**

"New Jersey courts will not imply a duty to disclose, unless such disclosure is necessary to make a previous statement true or the parties share a 'special relationship.'" *Lightning Lube v. Witco Corp.*, 4 F.3d 1153, 1185 (3d Cir. 1993); *BCR Carp. LLC v. FCA US LLC*, 2025 WL 2813599, at *2 (3d Cir. Oct. 3, 2025).

Here, Plaintiffs have not established any "special relationship" with AHM and the Complaint pleads no affirmative "partial disclosure." Plaintiffs' CFA claim fails accordingly. *See Cohen v. Subaru of Am, Inc.*, 2022 WL 721307, at *24 (D.N.J. Mar. 10, 2022) (finding no duty to disclose alleged motor vehicle defect under NJ law absent fiduciary relationship and dismissing CFA claim); *In re Subaru Battery Drain Prods. Liab. Litig.*, 2021 WL 1207791, at *25 (D.N.J. Mar. 31, 2021) (same).

## II. PLAINTIFFS' BREACH OF EXPRESS WARRANTY CLAIM SHOULD BE DISMISSED.

### A. The NVLW Does Not Cover Design Defects.

The NVLW does not cover broken glass "unless it is due to a defect in material and workmanship." NVLW, Pedersen Dec., Ex. A, p. 8.[2] [3] The Third Circuit has held that "material and workmanship" warranties such as this do not cover alleged design defects. *Coba v. Ford Motor Co.*, 932 F.3d 114, 121 (3d Cir. 2019) ("The plain and ordinary meaning of the term 'defect[s] in materials or workmanship'…unambiguously excludes 'design' defects"); *see also Amato v.*

---

[2] The Court can, and should, consider the NVLW since it is specifically referenced in the Complaint, and Plaintiffs premise their express warranty claim on it. Compl. ¶ 40; *Hager v. Selene Fin. LP*, 2020 WL 5422825, at *3 (D.N.J. Sept. 10, 2020).

[3] New Jersey law applies to Plaintiffs' breach of express and implied warranty claims. *Cohen*, 2022 WL 721307, at *10, 16-17 (analyzing NJ choice of law rules and applying law of state of purchase to common law contractual warranty claims, including where plaintiffs' state of residence was elsewhere).

*Subaru of Am., Inc.*, 2019 WL 6607148, at *4-6 (D.N.J. Dec. 5, 2019) (dismissing express warranty claim that was improperly based on a purported design defect).

Here, Plaintiffs speculate the existence of various defects such as "tempered glass that was too thin," "improper engineering," "inadequate testing," and "failing to incorporate available safety measures." Compl. ¶ 134. These are classic design defect claims that are not covered by the NVLW. *Coba*, 932 F.3d at 123 (3d Cir. 2019) (plaintiff's claim that "[a]ll of the vehicles" suffer from a "common" defect was a design defect claim); *Amato*, 2019 WL 6607148, at *4-6 ("Plaintiffs criticize the materials and type of process chosen to manufacture the alleged defective parts of the [ ] vehicle. Such criticism fails to allege a problem in the process of constructing the engine, rather it alleges a flaw in the overall intended construction (a design decision)"); *David v. Volkswagen Grp. of Am., Inc.*, 2018 WL 1960447, at *5 n.5 (D.N.J. Apr. 26, 2018) (dismissing express warranty claims; "Where, as here, a party pleads that 'all products of a particular line are defective,' the plaintiff has pled a design defect").

**B. Plaintiffs' Breach of Express Warranty Claim Fails Because No Alleged Defect Arose During the Applicable Warranty Period.**

Plaintiffs do not claim to have experienced any of the speculated defects during the 4-years/50,000-miles (whichever occurs first) period of the NVLW. NVLW, Pedersen Dec., Ex. A, p. 8. In fact, according to the Vehicle's Carfax report, which is available to the public, the Subject Vehicle had over 61,000 miles at the

time of the alleged Incident and, therefore, was well outside the NVLW's limits.[4] *See* Ex. 1, Carfax Report for VIN 5J8YE1H48PL013686 ("Carfax"), p. 5 (indicating that the subject vehicle had 61,099 miles on June 27, 2025, three weeks prior to the alleged incident). As such, Plaintiffs have no valid breach of express warranty claim. *Flynn-Murphy v. Jaguar Land Rover N. Am., LLC*, 2021 WL 5448716, at *3 (D.N.J. Nov. 19, 2021) (dismissing express warranty claim because "there was no "presentment for service" for the turbochargers during the warranty periods, as required by the Limited Warranty"); *Brown v. Hyundai Mot. Am.*, 2019 WL 4126710, at *4-5 (D.N.J. Aug. 30, 2019) (dismissing express warranty claims because alleged problem was not experienced during the warranty period).

## III. PLAINTIFFS' BREACH OF IMPLIED WARRANTY CLAIM SHOULD BE DISMISSED.

### A. The Implied Warranty Claim Fails Under the Express Terms of the NVLW.

The NVLW expressly states that "[a]ny implied warranties, including the implied warranty of merchantability and fitness for a particular purpose, are limited to the duration of this written warranty." NVLW, Pedersen Dec., Ex. A, p. 33. The durational limit of the subject vehicles' NVLWs is 4-years/50,000-miles (whichever

[4] This Court may take judicial notice of the Carfax Report, which is based upon public DMV records, and relates to matters alleged in the pleading. *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

occurs first) from the date when the vehicle was initially sold or leased. *Id.* Thus, Plaintiffs' implied warranty claim is subject to dismissal for the same reasons discussed in Point II-B, *supra*.

**B. Plaintiffs Have Not Adequately Plead That Their Vehicle is Unmerchantable.**

The implied warranty of merchantability is not a guarantee of perfection; it merely "provides for a minimum level of quality" which, for automobiles, is only breached if "a defect renders the vehicle unfit for its ordinary purpose of providing transportation for its owner." *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *12 (D.N.J. June 2, 2015). Moreover, "plaintiffs may not recover for breach of the implied warranty of merchantability under the facts where plaintiffs have driven their cars without problems for years." *Glass v. BMW of N. Am.*, LLC, 2011 WL 6887721, at *15 (D.N.J. Dec. 29, 2011) (*quoting Sheris v. Nissan N. Am., Inc.*, 2008 WL 2354908, at *6 (D.N.J. June 2, 2008)).

Here, Plaintiffs drove the Subject Vehicle for 3+ years and over 60,000 miles without experiencing any issues with the moonroof. *See* Ex. 1, Carfax. They continue to drive the Subject Vehicle to this day. Compl. ¶ 134. Plaintiffs have thus failed to plausibly establish that their vehicles failed to "provide a minimum level of quality, which is all the law requires" for merchantability. *Glass*, 2011 WL 6887721, at *15 (dismissing implied warranty of merchantability claim where vehicle was driven for 5 years from original sale before alleged problem occurred); *see also*

*Sheris*, 2008 WL 2354908, at *5 (same, vehicle driven 2 years and 20,618 miles); *Stevenson v. Mazda Motor of Am., Inc.*, 2015 WL 3487756, at *13 (D.N.J. June 2, 2015) (same, vehicle driven 65,000 miles); *Brown v. Hyundai Motor Am.*, 2019 WL 4126710, at *5 (D.N.J. Aug. 30, 2019) (dismissing implied warranty claim where vehicle driven 4 years and 64,000 miles prior to failure of engine, and plaintiff was subsequently able to drive vehicle post-repair). Accordingly, Plaintiffs' implied warranty claim should be dismissed.

## IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENCE.

In order to plead a claim of negligence under Delaware law,[5] a plaintiff must sufficiently allege facts indicating that the defendant's negligent acts or omissions breached a duty of care owed to the plaintiff, and that the breach proximately caused the plaintiff's injury. *Westfield Ins. Co. v. Amazon.com Inc.*, 2021 WL 877684, at *3 (D. Del. Mar. 9, 2021) (*citing Royal v. Galman Stonebridge, LLC*, 2018 WL 3640896, at *2 (Del. Super. Ct. July 16, 2018)).

### A. Plaintiffs Have Not Established a Defect.

For product liability-based negligence claims, the plaintiff must allege the nature of the defect, including its specific cause. *Westfield*, 2021 WL 877684, at *3

---

[5] Delaware law applies to Plaintiffs' tort claims (negligence, NIED, and IIED) because they reside in Delaware and their alleged injuries occurred there. *Compl.*, ¶¶ 18, 43-45; *Mills v. Ethicon, Inc.*, 406 F.Supp.3d 363, 374 (D.N.J. 2019) (applying law of state where plaintiff resides and where alleged injury occurred, despite defendant's headquarters being in a different state).

n. 3 (*citing In re Benzene Litig.*, 2007 WL 625054, at *6 (Del. Super. Ct. Feb. 26, 2007)). Therefore, Plaintiffs' negligence claim fails because they are required, but failed, to plead the nature of the alleged defect and its specific cause. Their speculative statements as to what "may" have caused the alleged moonroof failure are inadequate. *Westfield*, 2021 WL 877684, at *3 n. 3 (dismissing negligence claim where complaint failed to "identify the particular nature of any defect in the subject battery charger, or its cause"); *Perkins v. Proctor and Gamble Co.*, 2021 WL 1392993, at *2 (D. Del. Apr. 13, 2021) (dismissing negligence claim where the plaintiff failed to specify "how the product was defective"); *Becker v. Continental Motors, Inc.*, 2018 WL 582112, at *2 (D. Del. Jan. 29, 2018) (dismissing product liability claims based on allegedly defective engine where the complaint lacked sufficient "factual articulation or explanation as to whether and how the identified defects in [the] engine are said to be responsible for the lack of power or crash and, therefore, fails to adequately plead proximate causation.").

**B. Plaintiffs Fail to Allege a Cognizable Injury.**

Under well-settled Delaware law, proof of physical injury is required where, as here, there is a claim of emotional distress based on a negligence theory. *Brozka v. Olson*, 668 A.2d 1355, 1361-62 (Del. 1995). Plaintiffs' allegations of "mental pain and suffering (*e.g.*, fright, stress, anxiety)," Compl. ¶ 145, are therefore insufficient because Plaintiffs have not alleged any physical injury. *Brozka*, 668 A.2d at 1362

("In this case, plaintiffs have sustained no physical injury, and, therefore, they could not recover under a negligence theory"); *Salas v. Acuity-CHS*, 2023 WL 2710180, at *7-8 (D. Del. Mar. 30, 2023) (dismissing negligence claim seeking emotional damages where plaintiff failed to plead any physical injury; "It is settled law in Delaware that, in a negligence action, for a claim of mental anguish to lie, an essential ingredient is present and demonstrable physical injury."); *Hurt v. Taylor*, 2010 WL 3328028, at *8-9 (D. Del. Aug. 20, 2010) (plaintiff who did not sustain physical injury could not recover emotional distress damages under negligence theory).

Furthermore, because Plaintiffs have not alleged a physical injury, they are barred by Delaware's economic loss doctrine from recovering economic damages under a negligence theory. The Delaware Supreme Court has held that the economic loss doctrine is "a complete bar to the recovery of economic loss caused by qualitatively defective products, notwithstanding the presence of privity of contract." *Danforth v. Acorn Structures, Inc.*, 608 A.2d 1194, 1198 (Del. 1992) (dismissing negligence claim pursuant to economic loss doctrine where plaintiff suffered purely economic losses); *Burton v. Chrysler Grp. LLC*, 2014 WL 4253135, at *4 (D. Del. Aug. 27, 2014) (granting motion to dismiss negligence claim against vehicle manufacturer where the plaintiff failed to allege any physical injury or damage to other property).

## V. PLAINTIFFS FAIL TO STATE A CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS.

### A. Plaintiffs Fail to Allege Underlying Negligence.

There are three elements to a claim for NIED: (1) negligence causing fright to someone; (2) that the plaintiff was within the "zone of danger"; and (3) that the plaintiff suffered physical harm as a result. *Spence v. Cherian*, 135 A.3d 1282, 1290 (Del. Super. Ct. 2016); *Phifer v. E.I. Dupont De Nemours and Co.*, 2004 WL 32940, at *3 (D. Del. Jan. 5, 2004). As a threshold matter, Plaintiffs' NIED claim fails because they do not plausibly allege any negligent conduct by AHM as discussed *supra*. *See Phifer*, 2004 WL 32940, at *3 (NIED claim dismissed where plaintiff failed to allege underlying negligence by defendant).

### B. Plaintiffs Did Not Sustain "Physical Consequences" from Their Alleged Emotional Distress.

Plaintiffs' conclusory allegations of "shock, anxiety, and lingering fear," Compl. ¶ 158, fail to plead any resulting "physical consequences," as Delaware law requires for NIED claims. *See Phifer*, 2004 WL 32940, at *3 (dismissing NIED claim for the additional reason that plaintiff alleged "emotional distress, grief, humiliation, anger and chagrin" without any physical consequences); *Kabbaj v. Google, Inc.*, 2014 WL 1369864, at *5 (D. Del. Apr. 7, 2014) ("[t]he amended complaint fails to state a claim for negligent infliction of emotional distress in that it fails to allege that Plaintiff experienced any physical consequences or symptoms

as a result of his alleged emotional disturbance."); *Doe v. Wildey*, 2012 WL 1408879, at *4 n. 19 (Del. Super. Ct. Mar. 29, 2012) (allegations of "fear, unenjoyment, feelings of disgust, shame, and embarrassment" held insufficient to support NIED claim).

### C. Plaintiff Vanessa Fred Was Not Within the "Zone of Danger."

Finally, Vannesa Fred's NIED claim fails because she admittedly was not present during the alleged Incident. *See, e.g., M.W. by and through v. Lynch*, 2020 WL 6043891, at *7 (D. Del. Oct. 13, 2020) (dismissing NIED claim where plaintiff was not present during the alleged incident and therefore not within the "zone of danger"); *J.S. v. Edgemooor Community Center, Inc.*, 2024 WL 236139, at *3 (Del. Super. Jan. 11, 2024) (dismissing NIED claim plaintiff did not "allege [that] the negligence occurred in their presence").

## VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR IIED.

For a claim of IIED, a plaintiff must allege (1) extreme and outrageous conduct; (2) an intent to cause severe emotional distress or reckless disregard with respect to causing emotional distress; and (3) the conduct actually caused severe emotional distress. *Jordan v. Delaware*, 433 F. Supp. 2d 433, 444 (D. Del. 2006). "Extreme and outrageous conduct has been defined as behavior, so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.*

### A. Plaintiffs Fail to Plead Intentional, Extreme, and Outrageous Conduct by AHM.

Plaintiff's bare assertion that AHM "knowingly exposed consumers to a potentially deadly defect and then systematically lied or obfuscated the truth to avoid paying for the consequences" Compl. ¶ 176, is unsupported by any well-pleaded facts and instead relies on a non-existent service bulletin, anonymous and unidentified consumer complaints, and a previously dismissed lawsuit involving different vehicles. This falls well short of plausibly pleading intentional, extreme, and outrageous conduct by AHM. *See Kabbaj*, 2014 WL 1369864, at *5 (dismissing IIED claim premised on conclusory allegations of "extreme and outrageous conduct"); *Smith v. Forester*, 2013 WL 1315959, at *6-7 (D. Del. Mar. 29, 2013) (same); *see also Talley v. Christiana Care Health Sys.*, 2018 WL 5045363, at *4 (D. Del. Oct. 17, 2018) (finding that plaintiff's IIED claim fails where it "sounds a lot like Plaintiff re-casting her breach of contract claim as a claim for intentional infliction of emotional distress").

### B. Plaintiffs Did Not Sustain "Severe Emotional Distress."

Plaintiffs do not plausibly allege that they sustained "severe emotional distress." Their conclusory assertions of "ongoing anxiety, loss of trust in the vehicle, and psychological trauma," purportedly stemming from a fear of driving the Subject Vehicle, which they admittedly continue to drive, do not come close to the level required to sustain an IIED claim. Compl. ¶¶ 11, 75–76, 80, 146, 157–61, 185–

88. *See Smith*, 2013 WL 1315959, at *6-7 (IIED claim dismissed where allegations of "severe emotional distress" were conclusory); *Obeng v. Delaware State Police*, 2005 WL 1592951, at *3 n. 2 (D. Del. July 7, 2005) (plaintiff's "unsupported assertion of undue emotional distress" held insufficient to sustain IIED claim).

## VII. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE MMWA.

Plaintiffs' MMWA claim is derivative of state law warranty law, 15 U.S.C. § 2301(7); *Eubanks v. Ridgeline Motors LLC,* 2021 WL 5567410, at *3 (D.N.J. Nov. 29, 2021); *Tatum v. Chrysler Grp.*, LLC, 2012 WL 6026868, at *8 (D.N.J. Dec. 3, 2012). Accordingly, their failure to state a valid claim for breach of express and/or implied warranty under NJ state law (*see* Points III & IV, supra), dictates that the MMWA claim be dismissed.

## VIII. PLAINTIFFS FAIL TO PROPERLY PLEAD PUNITIVE DAMAGES.

To claim punitive damages under New Jersey law, a party must claim "actual malice" or "wanton and willful disregard" of a person who might be harmed by defendant's acts or omissions. N.J.S.A. 2A:15–5.12. Similarly, under Delaware law, "[p]unitive damages are only awarded in situations of 'willful and outrageous' conduct that flows from 'evil motive or reckless indifference to the rights of others.'" *Segovia v. Equities First Holdings, LLC*, 2008 WL 2251218, at *24 (Del. Super. May 30, 2008); *see also Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076–77

(Del. 1983) (awarding punitive damages is proper only "[i]f the fraud is gross, oppressive, or aggravated, or where it involves breach of trust or confidence....").

The Complaint provides no basis whatsoever for punitive damages. It contains no factual allegations showing that AHM had knowledge of, let alone "prolonged awareness" of, any alleged defect, Compl. ¶ 213, no facts supporting any "conscious decision not to inform customers or adequately address the danger," *id.*, and nothing else suggesting that AHM acted maliciously or with intentional disregard for Plaintiffs' rights. Plaintiffs' empty representation that "internal documents to be revealed in discovery," *id.* ¶ 219, may provide a factual basis for punitive damages does not satisfy their pleading requirement. *See, e.g., Giovanelli v. D. Simmons General Contracting*, 2010 WL 988544, at *5 (D.N.J. 2010) ("Discovery cannot serve as a fishing expedition through which plaintiffs search for evidence to support facts they have not yet pleaded."); *Ogbin v. Citifinancial Mortg. Co., Inc.*, 2009 WL 4250036, at *2 (D.N.J. 2009) (same).

In short, the punitive damages claim is entirely unsupported and should be dismissed. *See Onyiuke v. Cheap Tickets, Inc.*, 435 Fed. App'x 137, 139 (3d Cir. 2011) (affirming dismissal of punitive damages claim under Rule 12(b)(6) and agreeing with the district court's finding that plaintiff "failed to allege facts sufficient to demonstrate that the [d]efendants acted with the requisite malice or willful disregard to justify [plaintiff's] demand for punitive damages"); *Boring v. Google*

*Inc.*, 362 Fed. Appx. 273, 282-83 (3d Cir. 2010) (affirming dismissal of punitive damages claim under Rule 12(b)(6) where plaintiff failed to allege conduct that was intentional and outrageous).

## IX. PLAINTIFFS' DEMANDS FOR EQUITABLE AND INJUNCTIVE RELIEF SHOULD BE DISMISSED.

### A. Plaintiffs Have Not Alleged the Lack of an Adequate Remedy at Law.

Plaintiffs have not even alleged, let alone established, the lack of an adequate alternative remedy at law — a basic and essential requirement for their claims of equitable and injunctive relief, Compl, p. 27. *See Rains v. Jaguar Land Rover N. Am., LLC*, 2023 WL 6234411, at *8 (D.N.J. Sept. 26, 2023) (dismissing claims for equitable and injunctive relief in automotive breach of warranty action where pleading "lack[ed] any allegations as to why legal relief is inadequate"); *Hickman v. Subaru of Am., Inc.*, 2022 WL 11021043, at *11 (D.N.J. Oct. 19, 2022) (same, dismissing claims for equitable relief where "the pleading does not demonstrate the inadequacy of a legal remedy"); *In re Subaru Battery Drain Prod. Liab. Litig.*, 2021 WL 1207791, at *28 (D.N.J. Mar. 31, 2021) (dismissing claims for equitable and injunctive relief). Furthermore, any claimed lack of an alternative legal remedy is belied by the Plaintiffs' assertion of numerous legal claims for damages. Compl. ¶¶ 104-105 (CFA), 124-128 (implied warranty), 145-151 (negligence), 171-173 (NIED), 195 (IIED), and 213-215 (MMWA).

### B. The Injunctive Relief Claims Fail for Other Reasons.

Plaintiffs lack Article III standing to ask this Court to order a recall or extended warranty program. Compl. at 27 (seeking "an order compelling [AHM] to establish a program to repair or replace defective sunroofs at its expense (or to extend warranty coverage for this issue)"). Plaintiffs may seek relief in this action only for injuries personal to them, and cannot pursue sweeping, programmatic relief on behalf of non-parties. *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011) ("The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'") (*quoting Califano v. Yamasaki*, 442 U.S. 682, 700–701 (1979)).

Moreover, courts have repeatedly held that the Federal Motor Vehicle Safety Act (49 U.S.C. § 30101, *et seq*.) preempts lawsuits seeking to have courts impose particular recall obligations on manufacturers. *See In re Bridgestone/Firestone Inc., ATX, ATX II & Wilderness Tires Prods. Liab. Litig.*, 153 F. Supp. 2d 935, 945 (S.D. Ind. 2001) ("[T]he comprehensiveness of the Safety Act with regard to recalls demonstrates convincingly that any state law providing for a motor vehicle safety recall would frustrate the purposes of the Safety Act."); *Granillo v. FCA USA, LLC*, 2016 WL 9405772, at *18-20 (D.N.J. Aug. 29, 2016) (denied request for injunction to compel a recall because it is preempted by the Safety Act); *Schiesser v. Ford Motor Co.*, No. 16 C 730, 2017 WL 1283499, at *5 (N.D. Ill. Apr. 6, 2017);

*Namovicz v. Cooper Tire & Rubber Co*., 225 F. Supp. 2d 582, 584 (D. Md. 2001) (the effect of the Safety Act is to "completely preempt the area of vehicle and safety recalls").

## CONCLUSION

For the foregoing reasons, Defendant American Honda Motor Co. Inc. respectfully requests that the Complaint be dismissed in its entirety, with prejudice, together with such other and further relief as the Court deems just and proper.

February 17, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Homer B. Ramsey*
Homer B. Ramsey
*hramsey@shb.com*
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302
Tel: (201) 660-9995

*Attorneys for Defendant American Honda Motor Co. Inc.*